

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-20-00190-CV

IN RE REGINA NACHAEL HOWELL FOSTER, RELATOR

ORIGINAL PROCEEDING

August 7, 2020

MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

By this original proceeding, relator, Regina Nachael Howell Foster, seeks a writ of mandamus directing respondent, the Honorable Megan Fahey, judge of the 348th District Court, to vacate her *Order Granting Defendant's Motion for Enforcement of Judgment or Alternatively for Supersedeas Relief*. As we are without authority to issue a mandamus against respondent, we dismiss the petition for want of jurisdiction.

In 2017, Foster sued real party in interest, Infotree Investments & Management, LLC, in the 348th District Court of Tarrant County. Foster sought declaratory and injunctive relief concerning real property. Infotree filed a counterclaim to quiet title. The trial court signed a *Final Summary Judgment* on September 10, 2019. Foster appealed from the summary judgment to the Second Court of Appeals, but the appeal was

transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). The appeal remains pending in cause number 07-20-00031-CV.

While on appeal, Infotree filed a motion in the trial court seeking to enforce the judgment or require Foster to supersede the judgment pursuant to Rule of Appellate Procedure 24. On June 25, 2020, the trial court signed an *Order Granting Defendant's Motion for Enforcement of Judgment or Alternatively for Supersedeas Relief*. Thereafter, Foster filed the instant petition in this Court requesting that we issue a mandamus directing the trial court to vacate the June 25, 2020 order.[1]

Each court of appeals may issue writs of mandamus against a judge of a district or county court in its geographic district and may issue writs necessary to enforce its jurisdiction. TEX. GOV'T CODE ANN. § 22.221(a), (b)(1) (West Supp. 2019). Foster directs her mandamus petition against the judge of the 348th District Court, a court not located within the geographic district of the Seventh Court of Appeals. *See* TEX. GOV'T CODE ANN. § 22.201(h) (West Supp. 2019) (identifying the counties composing the Seventh Court of Appeals District). Though the underlying appeal was transferred to this Court, the transfer did not carry with it any jurisdiction to issue a writ of mandamus in a separate original proceeding.[2] *In re Barnes*, No. 06-17-00042-CV, 2017 Tex. App. LEXIS 2784, at *2 (Tex. App.—Texarkana Mar. 31, 2017, orig. proceeding) (mem. op.).

---

[1] Foster also filed two motions in her pending appeal requesting that we vacate or stay the trial court's June 25, 2020 order. Those motions were denied.

[2] The extent of our jurisdiction over a transferred case is specified in section 73.002 of the Government Code. We further note that orders by the Texas Supreme Court directing the transfer of cases under the equalization process explicitly exclude any transfer of original proceedings. *See, e.g.*, Misc. Docket No. 19-9120 (Tex. Dec. 20, 2019) ("It is specifically provided that the cases ordered transferred by this Order shall, in each instance, not include original proceedings. . . .").

Accordingly, we are without authority to issue a writ a mandamus against the judge of the 348th District Court unless the writ is necessary to enforce our jurisdiction. Here, Foster has not shown how the requested mandamus relief is necessary to enforce our appellate jurisdiction in cause number 07-20-00031-CV. *See In re Jackson*, No. 08-20-00026-CV, 2020 Tex. App. LEXIS 1003, at *2-3 (Tex. App.—El Paso Feb. 5, 2020, orig. proceeding) (mem. op.) (dismissing original proceeding where relator failed to show that mandamus was necessary to preserve the court's appellate jurisdiction over a transferred appeal).

As there is no authority allowing this Court to exercise mandamus jurisdiction over respondent, we dismiss Foster's petition for writ of mandamus.

Per Curiam